■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN FOREST, Appellant.—Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered February 28, 1990, convicting defendant after a jury trial of burglary in the third degree, and sentencing him to an indeterminate term of imprisonment of 3 to 6 years, unanimously affirmed.

Police officers, responding to a report of persons entering and exiting a commercial laundry establishment, which was

then closed for business, saw defendant emerge from the premises' doorway, and restrained him. Two other persons were found inside the premises and placed under arrest. Defendant and co-defendant Wells were jointly tried and convicted of burglary in the third degree.

Defendant argues that the prosecutor, in summation, implied that defendant had an obligation to call witnesses in his favor, and unfairly commented on defendant's decision not to testify, by asking the jury to note that "the defense had only one witness", i.e., co-defendant Wells, whereas the People had presented four witnesses. Not only was the "no adverse inference" charge given, as requested, but in context, we find the statement to be fair comment on the evidence. Nor do we view the statement as suggesting that defendant had called the co-defendant as his own witness.

We have examined defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Kassal and Smith, JJ.